# Exhibit 2

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _12-00625 D_

_KATHY GUNST_ , Plaintiff(s)

v.

_AMTRAK A/K/A et al_ , Defendant(s)

## SUMMONS

To the above-named Defendant: _AMTRAK a/k/a NATIONAL RAILROAD PASSENGER CORPORATION_

You are hereby summoned and required to serve upon _GEORGE C. DEPTULA_

plaintiff's attorney, whose address is _75 FEDERAL ST., BOSTON, MA 02110_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _24th_ day of _APRIL_, in the year of our Lord two thousand _TWELVE_.

_Michael Joseph Donovan_

Clerk/Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. I 3rd Rev. 20M-10/11

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on __4/27__ , 201_2_ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

by certified mail, return receipt requested, upon:
AMTRAK, 60 MASSACHUSETTS AVE. NW WASHINGTON, DC
2002 - Original return receipt attached

Dated: __5/4/12__ ,201__ .                                   Mary K Broderick

N.B.     TO PROCESS SERVER: –
         PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
         THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

```
                                                    ,201    .
```

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _12-Me258_

KATHY QUINBY , Plff(s)

v.

AMTRAK a/k/a et al , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _12 - 0062 5D_

_KATHY GUNST_____, Plaintiff(s)

v.

_AMTRAK a/k/a ___ et al_____, Defendant(s)

## SUMMONS

To the above-named Defendant: _MASSACHUSETTS BAY TRANSPORTATION AUTHORI_

You are hereby summoned and required to serve upon _GEORGE C. DEPTULA_____

plaintiff's attorney, whose address is _15 FEDERAL ST, BOSTON, MA 02110_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____24th_____ day of _APRIL_____, in the year of our Lord two thousand _TWELVE_____.

*Michael Joseph Donovan*

Clerk/Magistrate

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*                                                                                      May 1, 2012

I hereby certify and return that on 4/30/2012 at 2:25 PM I served a true and attested
copy of the Summons, Complaint and Tracking Order, Summons in this action in the
following manner: To wit, by delivering in hand to Elly Mckenna, agent, person in
charge at the time of service for Massachusetts Bay Transportation Authority, 10 Park
Plaza Boston, MA 02116 .  Attest/Copies ($5.00) Basic Service Fee ($30.00) Postage and
Handling ($1.00) Travel ($1.00) Total: $37.00

Deputy Sheriff   Jonathan Slyva                                    *Jonathan Slyva*
                                                                        *Deputy Sheriff*

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

,201  .

1 20079850

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 12-00250

KATHY GUNST                        , Plff(s).

v.

AMTRAK AK/A et al               , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.   **12-0625**

---

)
KATHY GUNST,                                    )
                                                )
            Plaintiff                           )
                                                )
      v.                                        )
                                                )
AMTRAK a/k/a NATIONAL RAILROAD                  )
PASSENGER CORPORATION and                       )
MASSACHUSETTS BAY TRANSPORTATION                )
AUTHORITY,                                      )
                                                )
            Defendants                          )

---

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This is an action for personal injuries resulting from an accident wherein the Plaintiff, while walking on property owned and maintained by Defendant Amtrak, slipped and fell and sustained serious leg injuries.

### Parties and Jurisdiction

1.  The Plaintiff Kathy Gunst (hereinafter referred to as "Gunst" or "Plaintiff') is an individual and a citizen of the Commonwealth of Massachusetts with a usual place of residence at 3 Seal Harbor Road, Winthrop, Suffolk County, Massachusetts 02152.

2.   The Defendant Amtrak a/k/a National Railroad Passenger Corporation, (hereinafter referred to as "Amtrak") is a corporation conducting business in the Commonwealth of Massachusetts with a principal place of business at 60 Massachusetts Avenue, NE, Washington, DC 20002.

3.   The Defendant Massachusetts Bay Transportation Authority ("MBTA") is a corporation with a principal place of business at 10 Park Plaza, Boston, MA.

4.   Jurisdiction and venue are appropriate in this Court because the Plaintiff is a resident of Winthrop, Suffolk County, Massachusetts; and the Plaintiff has suffered damages in excess of the jurisdictional amount.

COUNT I

5.   Plaintiff realleges the allegations contained in paragraphs 1-4 and incorporates them herein as if fully set forth.

6.   On February 15, 2011, at approximately 7:30 am, Plaintiff was lawfully on premises controlled by Defendants and preparing to board an Amtrak train to New York at the Amtrak Station located at 50 University Avenue, Westwood, MA.  Upon information and belief, the station was owned, operated and/or managed and maintained by both Defendants Amtrak and MBTA which both owed a duty of care to Plaintiff.

7.   While in the exercise of due care, Plaintiff slipped and fell on an area of the platform which was defective.  The Defendants, jointly and severally breached a duty of care in the maintenance and control of the premises, because the platform adjacent to the area for boarding trains was in a defective condition and had not been properly salted or sanded in a timely manner, and had formed an undetectable, unnatural accumulation of "black" ice on the

edge of the platform, undetectable to Plaintiff or other passengers.  As Plaintiff boarded the

train, she slipped on the untreated defective surface, not properly maintained by Defendants.

8.  The Defendants Amtrak and MBTA were under a further duty of care to maintain the

platform area free and clear of black ice due to the constant foot traffic and intended use of the

premises they were obligated to maintain, since the use of the premises constantly changed

natural accumulations of snow and/or ice so as to become a hazard to lawful visitors;

Defendants breached this duty which breaches caused Plaintiff her injuries.

9.  Plaintiff gave due and timely notice of her injury and the incident to the Defendants and

filled out an accident report and notice of her claim on the site on February 15, 2011.

10. As a direct and proximate result of the negligence of Defendants Amtrak and MBTA,

Plaintiff sustained severe and debilitating injuries of body and mind, including but not limited to

a leg fracture and substantial injury to her body, and loss in the quality of her life and

functioning; emotional distress from her physical injuries; and Plaintiff has incurred and

continues to incur pain and suffering, expenses for medical care and attendance, physical

therapy, disability, and lost time from her usual employment, and loss of normal function.

COUNT II

11. Plaintiff realleges the allegations contained in paragraphs 1-10 and incorporates them

herein as if fully set forth.

12. Due to their negligence in the management of property under their control, Amtrak and

the MBTA both breached their duties of care, and both said Defendants caused Plaintiff

physical injuries and financial loss, and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all direct and consequential damages, plus interest and costs of this action.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES OR REMEDIES TRIABLE BY JURY.

Respectfully submitted,
KATHY GUNST
By her attorney,

George C. Deptula, Esquire
BBO No. 120820
FURMAN GREGORY DEPTULA
75 Federal Street
Boston, MA  02110
(617)912-5140

Dated:  February 14, 2012

4

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. 12-0625 |
|---|---|---|
| | COUNTY OF  SUFFOLK | |

| PLAINTIFF(S)Kathy Gunst | DEFENDANT(S)Amtrak |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| George C. Deptula, Esquire, BBO No. 120820 Furman Gregory Deptula 75 Federal Street Boston, MA  02110 (617)912-5140 | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO.      TYPE OF ACTION (specify)      TRACK | IS THIS A JURY CASE? |
|---|---|
| B20 Personal Injury - slip & fall - Fast Track | ⊙ ] Yes   ○ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.    Documented medical expenses to date:
   1.   Total hospital expenses                          APPROX $ 2,000.00
   2.   Total doctor expenses                            APPROX $ 2,000.00
   3.   Total chiropractic expenses                      $
   4.   Total physical therapy expenses                  $ ongoing uncertai
   5.   Total other expenses (describe)                  Subtotal $
B.    Documented lost wages and compensation to date     $
C.    Documented property damages to date                $ uncertain
D.    Reasonably anticipated future medical expenses      $ uncertain
E.    Reasonably anticipated lost wages and compensation to date   $
F.    Other documented items of damages (describe) pain + suffering and loss of function   $ 100,000.00
G.    Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff broke her right femur and sustained other injuries falling due to a defective condition of premises owned or maintained by Defendants.     Total $ #104,000.00 approx.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

| | TOTAL   $.............. |
|---|---|

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____   Date: 2/14/12
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials F) | | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| | | **EQUITABLE REMEDIES** | | E11 Worker's Compensation | (X) |
| *TORT* | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| personal injury/property damage | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-Medical | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, | |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D99 Other (Specify) | (F) | E25 Plural Registry (Asbestos cases) | |
| B15 Defamation (Libel-Slander) | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B19 Asbestos | (A) | | | E96 Prisoner Cases | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B21 Environmental | (F) | | | E99 Other (Specify) | (X) |
| B22 Employment Discrimination | (F) | | | | |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

**\*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
**\*\*Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes    [ ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.